UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

05 10505 RGS CIVIL ACTION NO:

MAGISTRATE JUDGE _____

DEIRDRE CARROLL                )
Plaintiff                      )
                               )
                               )
v.                             )
                               )
                               )
CAPITAL ADVISORS GROUP, INC.   )
Defendant                      )
                               )
_____)

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## I. INTRODUCTION

1.  This is an action under M.G.L. c.151B and 42 USC §2000e, for unlawful discrimination based upon gender, disability or perceived disability, and illegal retaliation. The action is brought by Deirdre Carroll, a female who works for Capitol Advisors Group, Inc. ("Capitol") as a Portfolio Manager/Relationship Manager.

**JURISDICTION AND VENUE**

2.  Jurisdiction over this matter lies in this Court pursuant to 42 USC §2000e-5, 28 USC §1343, and 28 USC §1367 (Supplemental Jurisdiction).

3.  Venue in this District Court is proper because the illegal employment practices complained of herein occurred in Newton, Middlesex County, Massachusetts. Upon information and belief, the employment records related to Plaintiff's employment with Defendant are also located within Newton, Middlesex County, Massachusetts.

1

4.      On November 16, 2004, Ms. Carroll filed a timely Charge of Discrimination on the basis of sex, disability and retaliation with the Massachusetts Commission Against Discrimination and the US Equal Employment Opportunity Commission.

5.      Plaintiff has requested her Charge of Discrimination pending at the Massachusetts Commission Against Discrimination and US Equal Employment Opportunity Commission be withdrawn to allow her to file suit in Court. Those requests have been granted. On January 11, 2005 a Right to Sue letter was issued by the US Equal Employment Opportunity Commission in this matter. The Right to Sue letter was received by Ms. Carroll on or after January 12, 2005. A copy of the Right to Sue letter is appended to this Complaint.

**THE PARTIES**

6.      Deidre Carroll is a resident of Natick, Middlesex County, Massachusetts. She is a citizen of the United States. She is female.

7.      Defendant Capital Advisors Group, Inc. ("Capital") is a foreign corporation with a principal place of business in Newton, Middlesex County, Massachusetts. Capital was and is Plaintiff's employer within the meaning of M.G.L. c.151B §5, and a person within the meaning of M.G.L. c.151B §4. At all times relevant to this Complaint, it was Plaintiff's employer within the meaning of 42 USC §2000e, was engaged in an industry effecting commerce within the meaning of 42 USC §2000e, and in all other respects met all of the requirements for coverage under 42 USC §2000e. It is responsible for the illegal actions of Plaintiff's individual supervisors and managers set forth in this Complaint.

8.      At all times relevant to this Complaint, Plaintiff performed her job in a satisfactory manner. At all times relevant to this Complaint, Plaintiff was a qualified handicapped person.

9.      Since approximately late August 2004, when she first informed the President of Defendant that she was pregnant, Plaintiff has been subjected to a harassing environment (due to

her pregnancy, her gender and her request for a reasonable accommodation to her disability), Defendant has refused to make a reasonable accommodation to her disability (illness due to pregnancy), and Plaintiff has been subjected to discriminatory terms and conditions of employment (due to her being pregnant and requesting a reasonable accommodation to a disability, and in retaliation for having complained of discriminatory treatment and having requested a reasonable accommodation). Plaintiff has also been subjected to unfair discipline in the form of a written warning, been given an unfair performance review, and been denied a bonus to which she was entitled. The reason that Defendant has treated Plaintiff unfairly and in a discriminatory manner is illegal discrimination against her due to real or perceived disability (illness due to pregnancy), her being pregnant, her gender (female), the fact that she requested a reasonable accommodations to her disability, and retaliation against her for having requested an accommodation to her disability, all in violation of M.G.L. c.151B as well as the Americans with Disabilities Act.

10.     Plaintiff has worked for Capital since March 23, 2004. Her position has been that of a Portfolio Manager/Relationship Manager. Capital is a financial services company.

11.     In the end of August, 2004, Plaintiff told the President of Capital, Mr. Ben Campbell, of her pregnancy. Plaintiff told Mr. Campbell of her pregnancy because she needed flexibility in her work hours (which Mr. Campbell agreed to) due to Plaintiff suffering from hyperemesis caused by her pregnancy. In lay terms, hyperemesis is extreme morning sickness due to pregnancy. Due to the extent of Plaintiff's hyperemesis, there were many times that Plaintiff was too ill to work, and she required intravenous therapy to treat her hyperemesis.

12. In relation to her condition, Plaintiff notes that her doctor, Dr. Metcalf, sent a letter to the Human Resources Manager Plaintiff dealt with at Capital, Ms. Debbie Potter on September 24, 2004, in which Dr. Metcalf described Plaintiff's condition as follows:

> "Deirdre Carroll is a patient of mine. She is currently 13 weeks pregnant with a due date of March 29, 2005. She asked me to write a letter outlining her medical situation in regards to her ability to perform at work.
>
> Since I first met her in mid-August, she has had severe hyperemesis of pregnancy. Initially she was treated with a medication, but this did little to improve her symptoms. She was then treated with a second medication which she has required three times daily. This has improved but not resolved her symptoms and her nausea and vomiting have been so severe that it has impaired her ability to perform her work successfully. Thus, she had placed a request to work to work [sic] four days from work and one day from home which I feel is a reasonable request for the time being. I expect that over the next few weeks her nausea and vomiting should improve significantly and that she should be able to return to a regular schedule. She is not asking for reduction in her work week hours. We will continue to evaluate her status and make decisions about her medication needs and ability to work over the next month.
>
> I appreciate your assistance. Please do not hesitate to contact me with further questions."

13. When Plaintiff met with Mr. Campbell, the President of Capital, he agreed that Plaintiff could have a flexible work schedule. Additionally, Plaintiff's manager Mr. David Budka, knew Plaintiff was sick, and said for her to take her laptop home so that she could work from home. Mr. Campbell said that Plaintiff should keep the news of her pregnancy quiet, and that he would speak to the Chief Operating Officer of the Company, Mr. Salemi about the matter. It was at that time that Plaintiff also told Mr. Budka of the situation. Mr. Budka said that any time Plaintiff did not feel well she could take my laptop home as, in his words, "you can do your job from home."

14. After the discussions referred to above, several days a week Plaintiff would be at work in the morning and would go home sick in the afternoon, but would work from home as much as

she was able to.

15. Problems started to arise for Plaintiff in mid-September, apparently when the Human Resources Department for Capital (located in New Jersey) found out about Plaintiff using flextime. On or about September 17, Plaintiff had a conversation with Debbie Potter of Human Resources regarding using flextime. Ms. Potter told Plaintiff that there must have been a misunderstanding as Plaintiff should not be allowed to work from home. Ms. Potter even said to Plaintiff that Mr. Campbell, Defendant's President, had no authority to allow Plaintiff to do that. Plaintiff responded by stating that Mr. Campbell was the President of the Company. Plaintiff informed Ms. Potter that she had extenuating circumstances due to her hyperemesis, that she had lost weight and that she had to have intravenous therapy to deal with her hyperemesis.

16. During October, 2004, Plaintiff submitted a proposal to allow her to work from home. The proposal was approved. However, on October 26th, Plaintiff was asked by Steve Salemi, the Chief Operating Officer of Defendant, to meet with him and Plaintiff's supervisor, David Budka with Debbie Potter being on the phone. During the meeting Plaintiff was accused of not working while she was at home. Specifically, among other things, Plaintiff was accused of abusing her privilege of working from home as allegedly she was not logging into one of the computer systems she was supposed to be using and allegedly she was not logging in to her email system. Both of these allegations were false, and Plaintiff said so during the meeting. Plaintiff also informed Mr. Salemi, Ms. Potter and Mr. Budka that she did not need to log in to the system to be able to do her job and that she was indeed using her email. During this meeting Mr. Budka stated that he did not feel there was a problem because he was happy with the job that Plaintiff was doing and there were no complaints. The problem seemed to be from Mr. Salemi and Ms. Potter. This was the last meeting regarding Plaintiff's work or her working from home that Mr.

Budka was allowed to be present in.

17.     Later that day, Plaintiff spoke with Mr. Campbell and told him how angry she was that her work ethic was being questioned. Plaintiff told Mr. Campbell that she had had no problems at work until she announced her pregnancy and that was when the problems started. In response, Mr. Campbell said to Plaintiff that Debbie Potter did not like people working from home. Plaintiff asked Mr. Campbell if the Company was trying to force her to leave and Mr. Campbell said that was not the case but that Ms. Potter did not want to "discriminate against other employees." In response Plaintiff told Mr. Campbell that she felt this was a hostile work environment for her and that she was being harassed by Debbie Potter. Plaintiff told Mr. Campbell that she felt as if she was being harassed ever since she had told him about her pregnancy.

18.     Approximately one week later, November 3, 2004, Plaintiff received a Memo from Steve Salemi which was a written reprimand and warning to her, listing supposed "deficiencies" in her work, stating that she had failed to access the Capital computer system she was supposed to be using from home, stating that she had failed to use email, stating that she had not been truthful about using certain systems, stating her notes regarding accounts were not adequate, and stating she had not cooperated with my coworkers. At the end of the Memo it was stated that "based upon the above deficiencies, Deirdre's privilege of working from home on Wednesdays would likely have been revoked. Furthermore, Deirdre's privilege of working from home at any other time or arriving late or leaving early is hereby revoked. This document is intended to be a formal written warning to Deidre that if she continues to fail to meet the performance standards of her position, she will be subject to appropriate discipline up to and including termination." The various allegations about Plaintiff made in the written warning were false, she had not done

anything wrong, she was not doing her job improperly, and she had not been deficient in any of the matters mentioned in the Memo.

19. On November 3rd, Plaintiff met with Mr. Campbell and Mr. Salemi while Debbie Potter was on the phone to discuss the Memo. Once again, Plaintiff was accused of not telling the truth about her work, and not adequately performing her job. Plaintiff explained that she absolutely did sign-on to the systems, that she was doing her job adequately, and that she was being wrongfully accused. Plaintiff explained why the various criticisms of her in the Memo were not accurate. Once again, at the end of the meeting Plaintiff said to Mr. Campbell that he had previously said that she was a good employee and it seemed to her that he only had problems with her since she announced her pregnancy.

20. After the November 3rd meeting, Plaintiff obtained and forwarded copies of the emails that she had sent while at home to prove that she had indeed been using the email system. Plaintiff did not receive a response to that. On Wednesday, November 10th, Plaintiff had another meeting with Steve Salemi with Debbie Potter being present, and she was told that there had been a mistake and the Company had been wrong to accuse her of not using its computer systems.

21. On November 16, 2004, Plaintiff filed a Charge of Discrimination against Capital with the Massachusetts Commission Against Discrimination and the U.S. Equal Employment Opportunity Commission. The charge alleged that Capital had discriminated against Plaintiff on the basis of sex, pregnancy and disability, and that Plaintiff had been retaliated against by Capital. That Charge of Discrimination was forwarded to Capital by counsel for Plaintiff. As of November 29, 2004 or earlier, Capital received the Charge of Discrimination. On November 29, 2004 Capital acknowledged to Plaintiff that it had received the Charge of Discrimination.

22. On or about December 10, 2004, Plaintiff had a scheduled performance review conducted of her work by senior management at Capital. The performance review given to Plaintiff was negative, inaccurate and unfair. The review misrepresented the quality of Plaintiff's work, and unfairly portrayed the quality of Plaintiff's work as unsatisfactory. Additionally, during the performance review Plaintiff was informed that she would not be receiving either a bonus or a salary increase, both of which Plaintiff should have received. The reason Plaintiff received a poor performance review and was denied a bonus and a salary increase, was discrimination against her by Capital due to gender, pregnancy, disability and perceived disability, and retaliation against her both for having requested a reasonable accommodation and for having filed charges of discrimination against Capital.

23. Capital has been attempting to force Plaintiff out of the company due to her pregnancy, her gender, its desire not to have to accommodate her pregnancy by either occasionally allowing her to work from home or allowing her sick time, and to retaliate against her.

24. Plaintiff has been subjected to unfair treatment at work, she has been subjected to unfair terms and conditions of employment, and she has been subjected to a harassing environment all due to her gender, her being pregnant, her having a disability, her requesting an accommodation to that disability, and her having filed a Charge of Discrimination. All of this is due to discriminatory animus against Plaintiff by Capital as well as Capital's desire not to have to make any further reasonable accommodation to Plaintiff's disability and its fear that Plaintiff might take further sick time as well.

25. Capital's actions as set forth herein are discriminatory, illegal, and retaliatory. Capital's actions as set forth herein constitute a violation of M.G.L. c.151B as well as the Americans with Disabilities Act. The illegal actions of Capital against Plaintiff as set forth herein are knowing,

intentional and willful.

26.  Because of the illegal actions of Capital as set forth herein, Plaintiff has been caused to suffer, and will continue to suffer, substantial financial and emotional injuries.

### COUNT 1: AGAINST CAPITAL FOR DISCRIMINATION ON THE BASIS OF GENDER IN VIOLATION OF M.G.L. c.151B

27.  Plaintiff realleges and incorporates by reference as if fully set forth herein, ¶1-26 above.

28.  By its actions set forth above, Defendant Capital has engaged in discrimination against Deidre Carroll on the basis of gender, in violation of M.G.L. c.151B.

WHEREFORE, Plaintiff demands that this Court enter Judgment in her favor and against Defendant Capital, in an amount to be determined by this Court, including monies to compensate her for lost pay, lost benefits, punitive damages, emotional pain and suffering, interest, costs, attorney's fees, and such other and further relief that this Court deems just and proper.

### COUNT II: AGAINST CAPITAL FOR DISCRIMINATION ON THE BASIS OF GENDER IN VIOLATION OF 42 U. S. Code Section 2000e

29.  Plaintiff realleges and incorporates by reference as if fully set forth herein, ¶1-28 above.

30.  By its actions set forth above, Defendant Capital has engaged in discrimination against Deidre Carroll on the basis of gender, in violation of 42 U.S. Code Section 2000e.

WHEREFORE, Plaintiff demands that this Court enter Judgment in her favor and against Defendant Capital, in an amount to be determined by this Court, including monies to compensate her for lost pay, lost benefits, punitive damages, emotional pain and suffering, interest, costs, attorney's fees, and such other and further relief that this Court deems just and proper.

## COUNT III: AGAINST CAPITAL FOR DISCRIMINATION ON THE BASIS OF DISABILITY OR PERCEIVED DISABILITY, AND FAILURE TO ACCOMMODATE A DISABILITY, IN VIOLATION OF M.G.L. c.151B

31. Plaintiff realleges and incorporates by reference as if fully set forth herein, ¶1-30 above.

32. By its actions set forth above, Defendant Capital has engaged in discrimination against Deidre Carroll on the basis of disability or perceived disability, and failed to make reasonable accommodation to a disability, in violation of M.G.L. c.151B.

WHEREFORE, Plaintiff demands that this Court enter Judgment in her favor and against Defendant Capital, in an amount to be determined by this Court, including monies to compensate her for lost pay, lost benefits, punitive damages, emotional pain and suffering, interest, costs, attorney's fees, and such other and further relief that this Court deems just and proper.

## COUNT IV: AGAINST CAPITAL FOR DISCRIMINATION ON THE BASIS OF DISABILITY OR PERCEIVED DISABILITY, AND FAILURE TO ACCOMMODATE A DISABIITY, IN VIOLATION OF 42 U. S. Code Section 2000e

33. Plaintiff realleges and incorporates by reference as if fully set forth herein, ¶1-32 above.

34. By its actions set forth above, Defendant Capital has engaged in discrimination against Deidre Carroll on the basis of basis of disability or perceived disability, and failed to make reasonable accommodation to a disability, in violation of 42 U.S. Code Section 2000e.

WHEREFORE, Plaintiff demands that this Court enter Judgment in her favor and against Defendant Capital, in an amount to be determined by this Court, including monies to compensate her for lost pay, lost benefits, punitive damages, emotional pain and suffering, interest, costs, attorney's fees, and such other and further relief that this Court deems just and proper.

## <u>COUNT V</u>: AGAINST CAPITAL FOR RETALIATION IN VIOLATION OF M.G.L. c.151B

35. Plaintiff realleges and incorporates by reference as if fully set forth herein, ¶1-34 above.

36. In relation to her actions in requesting a reasonable accommodation as set forth above, Deidre Carroll was exercising her rights under MGL Chapter 151B and 42 U.S. Code Section 2000e, and in filing a charge of discrimination Deidre Carroll believed in good faith that Capital had engaged in wrongful discrimination and retaliation against her, and was again exercising her rights under MGL Chapter 151B and 42 U.S. Code Section 2000e.

37. In taking the actions referred to above, Deirdre Carroll engaged in protected activity pursuant to M.G.L. c.151B and 42 USC §2000e. As a result of engaging in protected activity, she suffered an adverse action which was causally related to her having engaged in protected activity.

38. In taking the actions referred to above, Deirdre Carroll was opposing practices prohibited by M.G.L. c.151B and 42 USC section 2000e and was directly engaging in protected activities under M.G.L. c.151B and 42 USC section 2000e.

39. Through its actions set forth above, Defendant Capital has coerced, intimidated, threatened and interfered with Deirdre Carroll in relation to her exercise and enjoyment of her rights granted pursuant to M.G.L. c.151B and 42 USC section 2000e, and has done so for her having opposed illegal practices and having asserted her rights granted pursuant to M.G.L. c.151B and 42 USC section 2000e, and having engaged in protected activity.

40. The actions taken by Defendant Capital, of which Deidre Carroll complains, were taken against Deidre Carroll due to her opposition to practices forbidden by M.G.L. c.151B and 42 USC section 2000e, and her having engaged in protected activities under MGL Chapter 151B and 42 USC section 2000e.

41. By its actions set forth above, Defendant Capital has engaged in unlawful retaliation against Deirdre Carroll and has interfered with Deidre Carroll's exercise of her protected rights, in violation of M.G.L. c.151B and 42 U.S. Code Section 2000e.

WHEREFORE, Plaintiff demands that this Court enter Judgment in her favor and against Defendant Capital, in an amount to be determined by this Court, including monies to compensate her for lost pay, lost benefits, punitive damages, emotional pain and suffering, interest, costs, attorney's fees, and such other and further relief that this Court deems just and proper.

## COUNT VI: AGAINST CAPITAL FOR RETALIATION IN VIOLATION OF 42 U.S. Code Section 2000e

42. Plaintiff realleges and incorporates by reference as if fully set forth herein, ¶1-41 above.

43. In relation to her actions in requesting a reasonable accommodation as set forth above, Deidre Carroll was exercising her rights under MGL Chapter 151B and 42 U.S. Code Section 2000e, and in filing a charge of discrimination Deidre Carroll believed in good faith that Capital had engaged in wrongful discrimination and retaliation against her, and was again exercising her rights under MGL Chapter 151B and 42 U.S. Code Section 2000e.

44. In taking the actions referred to above, Deirdre Carroll engaged in protected activity pursuant to M.G.L. c.151B and 42 USC §2000e. As a result of engaging in protected activity, she suffered an adverse action which was causally related to her having engaged in protected activity.

45. In taking the actions referred to above, Deirdre Carroll was opposing practices prohibited by M.G.L. c.151B and 42 USC section 2000e and was directly engaging in protected activities under M.G.L. c.151B and 42 USC section 2000e.

46. Through its actions set forth above, Defendant Capital has coerced, intimidated, threatened and interfered with Deirdre Carroll in relation to her exercise and enjoyment of her rights granted pursuant to M.G.L. c.151B and 42 USC section 2000e, and has done so for her

having opposed illegal practices and having asserted her rights granted pursuant to M.G.L. c.151B and 42 USC section 2000e, and having engaged in protected activity.

47. The actions taken by Defendant Capital, of which Deidre Carroll complains, were taken against Deidre Carroll due to her opposition to practices forbidden by M.G.L. c.151B and 42 USC section 2000e, and her having engaged in protected activities under MGL Chapter 151B and 42 USC section 2000e.

48. By its actions set forth above, Defendant Capital has engaged in unlawful retaliation against Deirdre Carroll and has interfered with Deidre Carroll's exercise of her protected rights, in violation of M.G.L. c.151B and 42 U.S. Code Section 2000e.

WHEREFORE, Plaintiff demands that this Court enter Judgment in her favor and against Defendant Capital, in an amount to be determined by this Court, including monies to compensate her for lost pay, lost benefits, punitive damages, emotional pain and suffering, interest, costs, attorney's fees, and such other and further relief that this Court deems just and proper.

## JURY TRIAL DEMAND
## PLAINTIFF DEMANDS A TRIAL BY JURY OF ALL ISSUES AND COUNTS SO TRIABLE

Respectfully submitted,
DEIRDRE CARROLL
By her Attorney,

Mitchell J. Notis/BBO#374360
LAW OFFICE OF MITCHELL J. NOTIS
370 Washington Street
Brookline, MA 02445
Tel.: 617-566-2700

13

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Deirdre Carroll
121 Oak Street
Natick, MA 01760

From: Boston Area Office
John F. Kennedy Fed Bldg
Government Ctr, Room 475
Boston, MA 02203

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

Charge No.: 16C-2005-00403

EEOC Representative: Anne R. Giantonio, Intake Supervisor

Telephone No.: (617) 565-3189

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Robert L. Sanders,
Area Office Director

11 Jan 2005
(Date Mailed)

Enclosure(s)

cc: CAPITAL ADVISORS GROUP, INC.
29 Crafts St., Suite 270
Newton, MA 02458

Mitchell Jay Notis, Esquire
370 Washington Street
Brookline, MA. 02445

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _Deirdre Carroll vs. Capital Advisors Group, Inc._

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   I. \_\_\_  160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   II. X  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   III. \_\_\_  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   IV. \_\_\_  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   V. \_\_\_  150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   None

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

   YES  (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

   YES  (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES  NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

   YES  (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

   (YES)  NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

   (EASTERN DIVISION)    CENTRAL DIVISION    WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

   EASTERN DIVISION    CENTRAL DIVISION    WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _Mitchell Notis_
ADDRESS _Law Office of Mitchell Notis 370 Washington St_
TELEPHONE NO. _(617)-566-2700_  _Brookline, MA_

(Cover sheet local.wpd - 11/27/00)

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Deirdre Carroll

**DEFENDANTS**
Capital Advisors Group Inc.

**(b)** County of Residence of First Listed Plaintiff: Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: ___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number): 617-566-2700, BBO #374360, Mitchell Notis, Law Office of Mitchell Notis, 370 Washington St, Brookline MA 02445

Attorneys (If Known): N/K

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | / ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 42 U.S. Code § 2000e
Brief description of cause: Discrimination in employment due to sex & disability retaliation

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ ___
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): None
JUDGE ___
DOCKET NUMBER ___

DATE: 3/17/05
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___