# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

Case No. 05-10505-RGS

DEIRDRE CARROLL          )
    Plaintiff          )
                 )
v.          )
                 )
CAPITAL ADVISORS GROUP,          )
INC.          )
    Defendant          )
_____)

## ANSWER AND JURY DEMAND OF DEFENDANT
## CAPITAL ADVISORS GROUP, INC.

Defendant Capital Advisors Group, Inc. ("CAG") hereby responds to the numbered paragraphs of the Complaint filed by Plaintiff Deirdre Carroll ("Carroll") as follows:

## INTRODUCTION

1.    Admitted that Carroll is a female employed by CAG as a Portfolio Manager. This paragraph otherwise purports to characterize the nature of Carroll's claims and no response is required of CAG. To the extent that a further response is deemed required, CAG admits that the Complaint purports to set forth the claims as alleged. CAG denies that it is liable under any such claims.

## JURISDICTION AND VENUE

2.    CAG admits that Carroll asserts jurisdiction pursuant to the statutes cited, but denies that this Court has subject matter jurisdiction due to Carroll's failure to exhaust administrative remedies.

3.    CAG denies that any illegal employment practices occurred, but admits that Carroll was employed at CAG's offices in Newton and that Carroll's employment

records are maintained at that location and in New Jersey. Further answering, CAG admits that venue would be proper if this Court had subject matter jurisdiction over Carroll's Complaint.

4. Admitted. Further answering, Carroll's Charge of Discrimination did not allege any violation of Title VII, 42 U.S.C. §2000e, but instead alleged only violations of Mass. Gen. L. c. 151B and the Americans with Disabilities Act.

5. Admitted. Further answering, the Equal Employment Opportunity Commission ("EEOC") was without authority to issue the Right to Sue letter as requested by Carroll.

## THE PARTIES

6. Admitted.

7. Admitted, except that CAG denies the occurrence of any illegal actions.

8. Denied.

9. CAG admits that in late August of 2004 Carroll informed Ben Campbell ("Campbell"), the President of CAG, that she was pregnant. CAG admits that Carroll received a written warning and performance review. Otherwise, denied.

10. Admitted, except that Carroll is a "Portfolio Manager" not a "Portfolio Manager/Relationship Manager."

11. CAG admits the allegations in the first sentence. CAG denies the allegations in the second sentence. CAG is without sufficient knowledge or information to admit or deny the allegations in the third and fourth sentences.

12. Admitted that Dr. Metcalf sent the letter dated September 24, 2004, but the letter was not received by CAG until a later date. Further answering, by the time

2

CAG received this letter it had already agreed to Carroll's request that she be allowed to work from home on Wednesdays.

13.    CAG denies the allegations in the first sentence. CAG admits the allegations in the second sentence. Further answering, David Budka ("Budka") made this statement because Carroll incorrectly told Budka that Campbell had already agreed that Carroll could work a flexible schedule. CAG denies the allegations in the third sentence. CAG admits that in August of 2004 Carroll told Budka that she was pregnant, but CAG is otherwise unable to admit or deny the allegations in the fourth sentence because it is unclear what Carroll means by "the situation." With respect to the allegations in the fifth sentence, CAG admits that Budka may have made a statement similar to the statement alleged in this sentence but denies the exact quotation attributed to Budka.

14.    Admitted that Carroll was not working regular hours, otherwise denied.

15.    CAG denies the allegations in the first sentence. CAG admits the allegations in the second sentence to the extent that Carroll is using "flextime" to be synonymous with taking time off from work. CAG admits the allegations in the third sentence. CAG denies the allegations contained in the fourth sentence. Further answering, Deb Potter ("Potter") recalls informing Carroll that it was not Campbell's role to authorize such a request and that any such request should be handled through Potter. CAG is without knowledge or information sufficient to admit or deny the allegations in the fifth sentence. CAG denies the allegations in the sixth sentence.

16.    CAG denies the allegations in the first sentence. Further answering, it was on September 24, 2004, that Carroll submitted a proposal that she be allowed to work from home on Wednesdays. CAG admits the allegations contained in the second

sentence to the extent that it refers to the proposal submitted on September 24, 2004. Except with respect to the word "However," CAG admits the allegations in the third sentence.  CAG admits the allegations in the fourth and fifth sentences to the extent that Carroll was confronted with the fact that she was not properly and timely logging into the systems.  CAG admits that Carroll made the statements attributed to her in the sixth and seventh sentences, but denies that the allegations were false or that Carroll's statements were accurate.  CAG admits so much of the allegations in the eighth sentence as alleges that Budka indicated that he had no problems with Carroll and was happy with the job that she was doing.  Otherwise, denied.  CAG denies the allegations in the ninth sentence. As to the allegations in the tenth sentence, CAG admits that this was the last such meeting attended by Budka.  Otherwise, denied.

17.    CAG admits that Carroll made the statements attributed to her in the first and second sentences, but denies that Carroll's statements were accurate.  CAG admits that Campbell made substantially the comment attributed to him in the third sentence, but denies that it was "in response" to the statement alleged by Carroll.  CAG admits the allegations contained in the fourth sentence.  CAG denies the allegations in the fifth and sixth sentences.

18.    CAG admits the allegations contained in the first sentence to the extent that Carroll has generally described the Memo which is in writing and speaks for itself. Further answering, the November 3, 2004 Memo was not the final version of the Memo. CAG specifically denies the allegations contained in the second through fourth sentences because Carroll has misquoted the final version of the Memo.  CAG denies the allegations in the final sentence.

19.    CAG admits the allegations contained in the first and second sentences, except to the extent that "once again" is meant to imply that the issue was raised repeatedly on November 3, 2004.  CAG admits that Carroll made the statements attributed to her in the third and fourth sentences, but denies that her statements were accurate.  CAG denies the allegations in the fifth sentence.

20.    CAG admits the allegations contained in the first sentence.  CAG denies the allegations contained in the second sentence.  With respect to the allegations in third sentence, CAG admits there was a meeting was on November 10, 2004, but denies Carroll's characterization of what she was told at the meeting.  Further answering, Carroll was told that based on the e-mails that she provided, it appeared that CAG's original memo had misstated the times during which she had been logged into the e-mail system, but that CAG's records otherwise continued to show that she had not been logged into CAG's computer system.

21.    Admitted.

22.    CAG admits the allegations in the first sentence and that Carroll did not receive a salary increase or bonus.  CAG denies the remainder of the paragraph.

23.    Denied.  Further answering, Carroll is currently on maternity leave and CAG fully expects her to return to work at the end of her maternity leave.

24.    Denied.

25.    Denied.

26.    Denied.

<u>**COUNT I**</u>
<u>**(GENDER DISCRIMINATION – M.G.L. c. 151B)**</u>

27.     CAG repeats and restates its responses to Paragraphs 1 through 26 of the Complaint as if set forth fully herein.

28.     Denied.

<u>**COUNT II**</u>
<u>**(GENDER DISCRIMINATION – 42 USC §2000e)**</u>

29.     CAG repeats and restates its responses to Paragraphs 1 through 28 of the Complaint as if set forth fully herein.

30.     Denied.

<u>**COUNT III**</u>
<u>**(DISABILITY/PERCEIVED DISABILITY**</u>
<u>**DISCRIMINATION – M.G.L. c. 151B)**</u>

31.     CAG repeats and restates its responses to Paragraphs 1 through 30 of the Complaint as if set forth fully herein.

32.     Denied.

<u>**COUNT IV**</u>
<u>**(DISABILITY/PERCEIVED DISABILITY**</u>
<u>**DISCRIMINATION – 42 USC §2000e)**</u>

33.     CAG repeats and restates its responses to Paragraphs 1 through 32 of the Complaint as if set forth fully herein.

34.     Denied.

<u>**COUNT V**</u>
<u>**(RETALIATION – M.G.L. c. 151B)**</u>

35.     CAG repeats and restates its responses to Paragraphs 1 through 34 of the Complaint as if set forth fully herein.

36.     Denied.

37.    Assuming that "the actions referred to above" is a reference to filing a Charge of Discrimination with the Massachusetts Commission Against Discrimination ("MCAD") and/or the EEOC, CAG admits the allegations in the first sentence.  CAG denies the allegations in the second sentence.

38.    Assuming that "the actions referred to above" is a reference to filing a Charge of Discrimination with the MCAD and/or the EEOC, CAG denies that Carroll was opposing practices prohibited by law, but admits that she was engaged in protected activities.

39.    Denied.

40.    Denied.

41.    Denied.

## COUNT VI
## (RETALIATION – 42 USC §2000e)

42.    CAG repeats and restates its responses to Paragraphs 1 through 41 of the Complaint as if set forth fully herein.

43.    Denied.

44.    Assuming that "the actions referred to above" is a reference to filing a Charge of Discrimination with the MCAD and/or the EEOC, CAG admits the allegations in the first sentence.  CAG denies the allegations in the second sentence.

45.    Assuming that "the actions referred to above" is a reference to filing a Charge of Discrimination with the MCAD and/or the EEOC, CAG denies that Carroll was opposing practices prohibited by law, but admits that she was engaged in protected activities.

46.    Denied.

47.    Denied.

48.    Denied.

## FIRST AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over Plaintiff's Complaint and the

Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to set forth a claim upon which relief can be granted

and the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by her failure to properly exhaust

her administrative remedies, including without limitation (a) her failure to allege any

violation of Title VII in her Charge of Discrimination as filed with the EEOC; and (b) her

premature request that the EEOC issue a Right to Sue letter and her subsequent reliance

on an early-issued Right to Sue letter that the EEOC was not authorized to issue.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any adverse employment action.

## FIFTH AFFIRMATIVE DEFENSE

Any actions taken by CAG with respect to the Plaintiff were justified by

legitimate nondiscriminatory business reasons.

## SIXTH AFFIRMATIVE DEFENSE

Even accepting Plaintiff's allegations as true, she has failed to allege an

impairment or disability (or perceived impairment or disability) within the meaning of the

Americans with Disabilities Act.

## SEVENTH AFFIRMATIVE DEFENSE

Even accepting Plaintiff's allegations as true, she has failed to allege a handicap (or perceived handicap) within the meaning of M.G.L. c. 151B.

## EIGHTH AFFIRMATIVE DEFENSE

Even accepting Plaintiff's allegations as true, her Complaint must fail because she has not alleged and cannot prove that her alleged impairment or disability substantially interfered with her ability to engage in a major life activity.

## NINTH AFFIRMATIVE DEFENSE

CAG acted reasonably and in good faith with respect to Plaintiff at all relevant times and particularly with respect to her request for an "accommodation." CAG acted reasonably and in good faith to comply with all applicable federal and state laws in order to prevent and correct any violations of such laws.

## TENTH AFFIRMATIVE DEFENSE

CAG never authorized, ratified, or participated in any discriminatory, retaliatory, or otherwise unlawful conduct regarding the Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint, to the extent that it seeks punitive or exemplary damages, violates CAG's rights to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the Commonwealth of Massachusetts, and violates CAG's rights to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the Commonwealth of Massachusetts.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff is able to prove that any improper motive was a factor in relevant employment decision made by CAG (which CAG expressly denies), CAG would have made the same employment decisions regarding Plaintiff regardless of any alleged improper motive.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff is able to prove that she was subject to a discriminatory employment decision by one or more of CAG's managerial agents (which CAG expressly denies), such decision was contrary to CAG's good faith efforts to comply with federal and Massachusetts law, such that Plaintiff is not entitled to an award of punitive damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Assuming that Carroll is entitled to any relief (which CAG denies), her claim for compensatory and punitive damages is subject to the applicable statutory cap.

## FIFTEENTH AFFIRMATIVE DEFENSE

CAG agreed to the only request for an "accommodation" that Carroll made. The accommodation ended when Carroll indicated that she no longer desired the accommodation.

WHEREFORE, Defendant Capital Advisors Group, Inc. respectfully requests that the Complaint filed against it be dismissed with prejudice, that it be awarded its costs and reasonable attorney's fees, and that this Court award it such other and further relief as it deems just and proper.

## JURY DEMAND

Defendant Capital Advisors Group, Inc. demands a trial by jury on all issues so triable.

CAPITAL ADVISORS GROUP, INC.,
By its attorneys,


/s/      John R. Cavanaugh
_____
Leonard F. Clarkin, BBO#085800
John R. Cavanaugh, BBO #558648
Clarkin, Sawyer & Phillips, P.C.
20 William Street, Suite G-75
Wellesley, MA 02481
781-431-2525


Dated: May 18, 2005